UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:

**NSB ADVISORS LLC**,

                          Debtor.

-------------------------------------------------------------x

Chapter 11 Case

Case No. 15-35009(CGM)

### ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (C) GRANTING RELATED RELIEF[1]

This matter having come before the Court on the Debtor's Motion for Orders

(I) Scheduling Hearing To Consider (A) Sale Of Substantially All Of The Debtor's Assets, Free

And Clear Of All Liens, Claims And Encumbrances, Subject To Higher And Better Offers And

(B) Assumption And Assignment Of Leases And Executory Contracts; (II) Scheduling Hearing

To Consider Approval Of Stalking Horse Agreement And Expense Reimbursement, And

Bidding Procedures For The Conduct Of An Auction; (III) Fixing A Cure Claims Bar Date With

Respect To The Assumption And Assignment Of Leases And Executory Contracts; (IV) Fixing

Manner And Notice Of Sale Hearing; (V) Authorizing The Debtor To Sell Assets, Free And

Clear Of All Liens, Claims And Encumbrances, Subject To Higher And Better Offers; import

(VI) Authorizing Assumption And Assignment Of Leases And Executory Contracts; And

(VII) Granting Related Relief, dated January 5, 2015, including all exhibits thereto (the

"Motion")[2] [D.N. 10] filed by NSB Advisors LLC, the debtor and debtor-in-possession herein

(the "NSB" or the "Debtor"), seeking, *inter alia*, entry of an order (i) approving a certain Asset

---

[1] Terms not defined herein shall have the meanings ascribed to them in the Motion.

[2] Unless otherwise expressly defined herein, any capitalized term shall have the meaning ascribed to such term in the Motion or the Sale Agreement, as defined below, as applicable.

Purchase Agreement, dated January 2, 2015, by and between the Debtor and Emancipation

Management LLC or its designee (the "Buyer") (as the same may be amended from time to time,

the "Sale Agreement")[3] and all ancillary documents referenced therein or contemplated thereby

(such documents, collectively and including the Sale Agreement, the "Transaction Documents,"

copies of which are annexed hereto as **Exhibit A**), (ii) authorizing the sale of substantially all of

the Debtor's assets (collectively, the "Assets") pursuant to section 363(b) of title 11 of the United

States Code, as amended (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of

Bankruptcy Procedure, as amended (the "Bankruptcy Rules"), free and clear of all claims, liens

and other encumbrances, and (iii) approving the assumption and assignment of certain executory

contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code and Bankruptcy

Rule 6006; and this Court having entered the Order (A) Approving Stalking Horse Agreement

and Expense Reimbursement, (B) Approving Bidding Procedures For The Conduct Of An

Auction, And (C) Fixing Manner And Notice Of Auction, Sale Hearing And Cure Claims Bar

Date on January 29, 2015 [D.N. 46] (the "Bidding Procedures Order"); and notice having been

provided as required in the Bidding Procedures Order, as evidenced by the affidavit of service

filed with the Court on February 3, 2015 and the certificate of publication filed with the Court on

February 10, 2015 [D.N. 52, 55]; and no alternative bids having been received; and the Debtor

having filed a notice of cancellation of the auction and statement that Buyer is the Successful

Bidder (as defined in the Bidding Procedures Order); and due, proper, timely, adequate and

sufficient notice of the Motion and hearing (the "Sale Hearing") to approve the sale of the Assets

to Buyer (including, without limitation, the assumption and assignment of the Assumed

Contracts) having been given; and the Sale Hearing having been held on March 25, 2015; and

---

[3] Emancipation has designated its affiliate, Emancipation NSB LLC, a Delaware limited liability company, as the buyer under the Sale Agreement, as shown in the amended Sale Agreement dated March 20, 2015.

the Court having reviewed and considered the Motion; and no objections to the Asset Sale

having been timely filed; and on the arguments of counsel made, and the evidence adduced, at

the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interests of

the Debtor, its estate, its creditors, and all other parties in interest; and upon the record of the

Sale Hearing and this chapter 11 case; and after due deliberation thereon; and good cause

appearing therefor; it is

**FOUND, DETERMINED AND CONCLUDED THAT:[4]**

A.      On January 5, 2015 (the "Petition Date"), the Debtor filed a voluntary petition

under Chapter 11 of the Bankruptcy Code and has continued in the management and operation of

its business and property as a debtor-in-possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

B.      No creditors' committee or trustee has been appointed in this case.

C.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska

dated January 31, 2012.  Venue is proper before this Court pursuant to 28 U.S.C. §1409.

Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b).

D.      The statutory predicates for the relief sought herein are sections 105(a), 363(b),

(f), (m) and (n) and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and

---

[4] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

9014.  The Asset Sale constitutes a sale of property of the Debtor's estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code.

E.      Due, proper, timely, adequate and sufficient notice of the Motion, the Sale Hearing, and the Asset Sale (including, without limitation, the assumption and assignment of the Assumed Contracts to Buyer) has been provided in accordance with sections 105(a), 363(b), (f), (m) and (n) and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9014. Such notice is good, sufficient and appropriate, and no other or further notice of the Motion, the Sale Hearing or the Asset Sale is or shall be required, and a reasonable opportunity to object and be heard with respect to the Motion and the relief requested therein was afforded to all interested parties.

F.      The Debtor is the sole and lawful owner of the Assets, as set forth in the Sale Agreement, and, upon entry of this order (the "Sale Order") , has the legal power and authority to convey all of its right, title and interest therein and thereto.

G.      Upon entry of this Sale Order, the Debtor has (i) full power and authority to execute the Sale Agreement and the other Transaction Documents, and the sale of the Assets has been duly and validly authorized by all necessary company action of the Debtor, as applicable, (ii) the necessary power and authority to consummate the Asset Sale of the Assets to Buyer, (iii) taken all company action necessary to authorize and approve the Sale Agreement and the other Transaction Documents, and consummate the Asset Sale of the Assets to Buyer.  No consents or approvals, other than those expressly provided for in the Sale Agreement, are required for the Debtor to close the transaction in accordance with the terms and conditions of the Sale Agreement.

H.      Sound business reasons exist for the Asset Sale.  In the absence of the Asset Sale,

the Debtor may be forced to cease operations and liquidate its business.  Accordingly, the Debtor

has shown good and sufficient business justification under sections 363(b) of the Bankruptcy

Code for the sale of the Assets to Buyer.

I.      Entry into the Sale Agreement and the other Transaction Documents, and

consummation of the Asset Sale in accordance with the terms and conditions thereof, constitute

the Debtor's exercise of sound business judgment and such acts are in the best interests of the

Debtor, its estate, creditors and all parties in interest, in that, without exclusion:

(i)      the Sale Agreement was negotiated, proposed and entered into in good faith, from
arm's-length bargaining positions as between the Debtor and Buyer;

(ii)     The Debtor was free to deal with any other party interested in acquiring the
Assets;

(iii)    the Debtor has provided for adequate notice and an opportunity to be heard in
connection with the Asset Sale in its chapter 11 case; and

(iv)     Buyer is a third party unrelated to the Debtor, and is not a mere continuation of
the Debtor's business.

J.      The Debtor engaged in extensive marketing of the Assets both prior and

subsequent to the Petition Date, and the Purchase Price provided by Buyer for the Assets is the

highest and best offer received by the Debtor, is fair and reasonable, and constitutes reasonably

equivalent value and fair consideration for the Assets under the Bankruptcy Code and other

applicable law.

K.      Buyer would not have entered into the Sale Agreement and would not

consummate the Asset Sale, thus adversely affecting the Debtor, its estate and its creditors, if the

Asset Sale, and the assignment of the Assumed Contracts, to Buyer was not free and clear of all

Encumbrances and claims, or if Buyer would, or in the future could, be liable for any such Encumbrances, except as otherwise set forth in the Sale Agreement. Therefore, the sale of the Assets free and clear of all Encumbrances, as contemplated by the Sale Agreement, is in the best interests of the Debtor, its estate and creditors, and all other parties in interest.

L.      The Debtor may sell the Assets free and clear of all liens, claims and encumbrances ("Encumbrances") as contemplated by the Sale Agreement because, with respect to each creditor asserting any Encumbrance, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. There were no objections by any holders of Encumbrances and all such parties are deemed to have consented to the Asset Sale pursuant to section 363(f)(2) of the Bankruptcy Code.

M.      The Sale Agreement and other Transaction Documents were negotiated, and have been and are being undertaken, by the Debtor and Buyer at arms'-length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. As a result of the foregoing, Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code. Moreover, neither the Debtor nor Buyer engaged in any conduct that would cause or permit the Sale Agreement, the other Transaction Documents, the consummation of the Asset Sale, or the assumption and assignment of the Assumed Contracts, to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

N.      As of Closing (as defined in the Sale Agreement), Buyer will not be an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of incorporators, directors or stockholders will exist between Buyer and the Debtor. Pursuant to the Sale Agreement, Buyer is not purchasing any of the Excluded Assets, and Buyer

is not holding itself out to the public as a continuation of the Debtor.  The Asset Sale is not a

consolidation, merger or de facto merger of Buyer and the Debtor and or the Debtor's estate,

there is not substantial continuity between Buyer and the Debtor, there is no continuity of

enterprise between the Debtor and Buyer, Buyer is not a mere continuation of the Debtor or the

Debtor's estate, and Buyer does not constitute a successor to the Debtor or its estate.

O.      The sale of the Assets to Buyer will be a legal, valid, and effective transfer of the

Assets, and will vest Buyer with all right, title, and interest of the Debtor in and to the Assets free

and clear of all Encumbrances, including, but not limited to, all claims arising under any theory

of successor liability.

P.      The Debtor has demonstrated that it is an exercise of its sound business judgment

to assume and assign and sell the Assumed Contracts to Buyer in connection with the Asset Sale.

Additionally, assumption, assignment and sale of the Assumed Contracts to Buyer is in the best

interests of the Debtor, its estate, its creditors, and all parties in interest.  The Assumed Contracts

being assumed, assigned and sold to Buyer are an integral part of the Assets being purchased by

Buyer, and accordingly, such assumption, assignment, and sale is reasonable, and will enhance

the value of the Debtor's estate.

Q.      No monetary or non-monetary defaults exist in the Debtor's performance under

the Assumed Contracts as of the date of this Sale Order other than the failure to pay amounts

equal to the Cure Claims.  In accordance with the terms set forth in the Sale Agreement, Buyer

shall pay the Allowed Cure Claims for the Assumed Contracts.

R.      Cure Claim objections were filed with the Court, or otherwise received, by

InterActive Data and Pricing Reference Data LLC ("InterActive Data") and Abacus Group LLC

("Abacus") on or before the deadline for such objections established by this Court.  The Debtor

has advised the Court that the Debtor has reached agreement with the objectors, and the allowed

Cure Claim of InterActive Data is $2,422.14 and the allowed Cure Claim of Abacus is

$9,889.50.

S.      Subject to the Closing and payment and satisfaction of any Cure Claims by Buyer

in accordance with the Sale Agreement and this Sale Order, the Debtor and Buyer have, to the

extent necessary, satisfied the requirements of the Bankruptcy Code, including, without

limitation, sections 365(b)(1)(A) and (B) and 365(f) of the Bankruptcy Code, in connection with

the sale and the assumption and assignment of the Assumed Contracts to Buyer.  Buyer has

demonstrated adequate assurance of future performance with respect to the Assumed Contracts

pursuant to section 365(b)(1)(C) of the Bankruptcy Code.  The assumption and assignment of the

Assumed Contracts pursuant to the terms of this Sale Order is integral to the Sale Agreement and

is in the best interests of the Debtor, its estate, its creditors and other parties in interest, and

represents the exercise of sound and prudent business judgment by the Debtor.

T.      The Debtor has established that strong business reasons exist for selling the

Assets outside the ordinary course of business and outside a plan of reorganization.  The Asset

Sale does not constitute a *sub rosa* chapter 11 plan for which approval has been sought without

the protections that a disclosure statement would afford.  The Asset Sale neither impermissibly

restructures the rights of the Debtor's creditors nor impermissibly dictates a liquidating plan of

reorganization for the Debtor.

U.      Approval of the Sale Agreement and the other Transaction Documents, and

consummation of the Asset Sale (including, without limitation, assumption and assignment of the

Assumed Contracts to Buyer) in accordance with the terms and conditions thereof at this time,

are in the best interests of the Debtor, its creditors, its estate, and all parties in interest.

**NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is granted in the manner and to the extent

provided herein, and on the record of the Sale Hearing, and the Asset Sale and all other

transactions contemplated under the Sale Agreement and the other Transaction Documents are

hereby approved.

2.      All objections concerning the Motion and Asset Sale are resolved in accordance

with the terms of this Sale Order, and as set forth in the record of the Sale Hearing, and to the

extent any such objection was not otherwise withdrawn, waived, or settled, it is hereby overruled

and denied (including all reservations of rights or relief requested therein)

**Approval of the Sale Agreement, the Other Transaction
Documents, and Asset Sale to Buyer.**

3.      The Sale Agreement and the sale to Buyer of the Assets (including, without

limitation, assumption and assignment of the Assumed Contracts to Buyer), are hereby approved

and authorized in all respects pursuant to sections 105(a), 363(b), 363(f), 363(m) and 365 of the

Bankruptcy Code.

4.      The Debtor is authorized and directed to take any and all actions necessary or

appropriate to (a) consummate the Asset Sale (including, without limitation, to convey to Buyer

any and all of the Assets) and the Closing, and (b) execute, perform, consummate, implement

and close fully the Sale Agreement, the other Transaction Documents and all additional or

ancillary documents or instruments that may be reasonably necessary or desirable to implement

the Sale Agreement (including any and all amendments thereto), all in accordance with the

Motion, the Sale Agreement and this Sale Order.  Notwithstanding anything herein to the

contrary, Seller and Buyer shall have no obligation to proceed with the Closing of the Sale

Agreement until all conditions precedent to their respective obligations to do so as set forth in the

Sale Agreement have been satisfied or waived in accordance therewith.

5.      The consideration provided by Buyer for the Assets under the Sale Agreement is

fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent

value and fair consideration under the Bankruptcy Code and any other applicable law.  The Asset

Sale may not be avoided, or costs or damages imposed on or awarded against any party in

interest in this bankruptcy case under section 363(n), or any other provision, of the Bankruptcy

Code.

6.      Buyer is a buyer in good faith as that term is used in section 363(m) of the

Bankruptcy Code, and Buyer is entitled to all of the protections afforded by section 363(m) of

the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization

provided herein to consummate the Asset Sale shall not affect the validity of the Asset Sale

(including the assumption and assignment of any of the Assumed Contracts to Buyer), unless

such authorization is duly stayed pending such appeal.

**Transfer of the Assets**

7.      Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code, upon the Closing,

the Assets shall be sold, transferred, conveyed and assigned to Buyer, and Buyer shall take title

to and possession of the Assets, free and clear of (a) all Encumbrances, (b) any restriction on the

use, voting, transfer, receipt of income or other exercise of any attributes of ownership of the

Assets, and (c) any claim (as that term is defined in section 101(5) of the Bankruptcy Code),

whether arising prior to or subsequent to the commencement of the Debtor's chapter 11 case,

including any claim arising under any theory of successor liability.  Encumbrances, if any, on

any Assets shall attach to the Purchase Price in the same order of priority as existed on the

Petition Date.

8.       Except as expressly provided in the Sale Agreement and this Sale Order, Buyer is

not assuming, nor shall it or any affiliate of Buyer be in any way liable or responsible, as a

successor or otherwise, for, any liabilities, debts, or obligations of the Debtor in any way

whatsoever relating to or arising from the Debtor's ownership, possession or use of the Assets

prior to the consummation of the transactions contemplated by the Sale Agreement, or any

liabilities calculable by reference to the Debtor or any of its operations or the Assets, or relating

to continuing or other conditions existing on or prior to the Closing Date, which liabilities, debts,

and obligations are hereby extinguished insofar as they may give rise to liability, successor

liability or otherwise, against Buyer or any affiliate of Buyer.  Notwithstanding anything herein

to the contrary, Buyer shall not be liable for any Excluded Liabilities.

9.       From and after the Closing Date, Buyer shall assume and agrees to pay, perform

and otherwise discharge, the Assumed Liabilities, in accordance with the terms and conditions of

the Sale Agreement, with such assumption of liabilities constituting a portion of the Purchase

Price paid by Buyer for the Assets, and the Debtor shall be relieved of all such Assumed

Liabilities and have no further liability for such Assumed Liabilities.

10.      Buyer is hereby authorized in connection with the consummation of the Asset Sale to allocate the Assets and the Assumed Contracts among its affiliates, designees, assignees, and/or successors in a manner as it in its sole discretion deems appropriate and to assign, sublease, sublicense, transfer or otherwise dispose of any of the Assets or the rights under any of the Assumed Contracts to such affiliates, designees, assignees, and/or successors with all of the rights and protections accorded under this Sale Order and the Sale Agreement.

11.      Pursuant to the Sale Agreement, upon the closing of the Asset Sale, Warranty Claims and Assumed Contract Avoidance Claims shall be transferred to and shall be the property of Buyer.  All other claims and causes of action held by the Debtor as of the date of this Sale Order shall remain the property of the Debtor and shall not be sold or transferred to Buyer.

## Assumption And Assignment Of Executory Contracts

12.      The Debtor is hereby authorized and directed, pursuant to section 365 of the Bankruptcy Code, to (i) assume and assign the Assumed Contracts to Buyer at the time of and effective upon the Closing, free and clear of any and all Encumbrances, and (ii) execute and deliver to Buyer such documents or other instruments as may be necessary to transfer, convey, sell and assign to Buyer, and cause Buyer to assume, such Assumed Contracts, all in accordance with the Sale Agreement and this Sale Order.  Notwithstanding anything herein to the contrary, no contract or lease that constitutes an Excluded Asset shall be assumed, assigned, transferred, conveyed or sold to Buyer pursuant to this Sale Order.

13.      The Assumed Contracts shall be transferred to, and shall remain in full force and effect for the benefit of, Buyer in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including any of the type described in section 365(f) of

the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer.  Upon

the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, Buyer shall be

fully and irrevocably vested with all right, title, privilege and interest of the Debtor in, to and

under the Assumed Contracts.

14.    Consistent with the requirements of sections 365(b) and 365(f) of the Bankruptcy

Code, upon the Closing and payment and satisfaction by Buyer of the Cure Claims in respect of

the Assumed Contracts in accordance with the terms and conditions of the Sale Agreement:

a.    all defaults of the Debtor under such Assumed Contracts existing as and
through the date of Closing (without giving effect to any acceleration clauses
or any default provisions of the kind specified in section 365(b)(2) of the
Bankruptcy Code) shall be deemed in all respects cured, and Buyer shall have
no further liability or obligation in respect of any such defaults (including,
without limitation, any liability to compensate any counterparty for any actual
pecuniary loss to such counterparty resulting from such defaults), except as
may otherwise be expressly agreed between Buyer and the applicable
counterparty;

b.    each counterparty to such Assumed Contract shall be forever barred, estopped,
and permanently enjoined from asserting against the Debtor, Buyer, or the
property of any of them, any default or claim of breach arising under such
Assumed Contract and existing as of the Closing Date, or, against Buyer, any
counterclaim, defense, setoff, recoupment or any other claim asserted or
assertable against the Debtor or its estate; and

    c.   Buyer shall be deemed to be substituted for the Debtor as a party to each of the Assumed Contracts, and the Debtor and its estate shall be relieved from any liability for breach of any such Assumed Contracts occurring after the Closing Date.

15.    Buyer has provided adequate assurance of its future performance under the Assumed Contracts within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

16.    Notwithstanding anything herein to the contrary, the failure of the Debtor or Buyer to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the right of the Debtor or Buyer, as the case may be, to enforce every term and condition of such Assumed Contract. There shall be no rent accelerations, assignment fees, increases or any other fees charged or chargeable to Buyer as a result of the assumption and assignment of the Assumed Contracts. Any provision in any Assumed Contract that prohibits or conditions the assignment of such contract or lease, or allows the counterparty to such contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such contract or lease, constitutes an unenforceable anti-assignment provision, and is void and of no force and effect. The validity of the assumption and assignment of the Assumed Contracts to Buyer shall not be affected by any existing dispute between the Debtor and any non-Debtor counterparty. Any party that may have had the right to consent to the assignment of any of the Assumed Contracts is deemed and determined to have consented for the purposes of section 365(e)(2)(A)(ii) of the Bankruptcy Code.

17.    Pending resolution of a Cure Objection, only the rights of a counterparty to an Assumed Contract that has timely filed a Cure Objection that has not been withdrawn, waived, resolved or settled, which rights have been expressly re-asserted to the Court at the Sale Hearing, or by stipulation or statement filed with the Court before entry of this Sale Order, shall be preserved with respect to the issue of cure raised in its Cure Objection, including, without limitation, any right to object to the provision of adequate assurance of future performance. Nothing herein shall modify or impair the Debtor's obligations under section 365(d)(3) of the Bankruptcy Code, or enlarge or extend the period set forth in section 364(d)(4)(A) of the Bankruptcy Code within which the Debtor is permitted to assume or reject unexpired leases of property, any which enlargement or extension, if any, shall be subject to entry of a separate Order of this Court on a motion filed and served by the Debtor pursuant to section 364(d)(4)(B) of the Bankruptcy Code.

## Limitations On Liability And Release Of Encumbrances

18.    No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Asset Sale.  No brokers were involved in consummating the Asset Sale, and no brokers' commissions are due to any person or entity in connection with the Asset Sale.

19.    Upon the Closing, and pursuant to the terms of the Sale Agreement, (a) the Debtor is hereby authorized to consummate, and shall be deemed for all purposes to have consummated, the sale, transfer and assignment of the Assets to Buyer free and clear of any and all Encumbrances, and (b) except as otherwise expressly provided in the Sale Agreement, all Encumbrances shall be and hereby are released, terminated and discharged as to Buyer and the Assets.

20.     Upon the Closing, and except as otherwise expressly provided in the Sale

Agreement and/or this Order, Buyer shall not be liable for any claims against, and liabilities and

obligations of, the Debtor.  Without limiting the generality of the foregoing, (a) other than as

may be specifically set forth in the Sale Agreement or otherwise expressly agreed to by Buyer,

Buyer shall have no liability or obligation (x) to pay wages, bonuses, severance pay, benefits

(including, without limitation, contributions or payments on account of any under-funding with

respect to any pension plans) or any other payment due to employees of the Debtor, or (y) in

respect of any collective bargaining agreement, employee pension plan, employee health plan,

employee retention program, employee incentive program or any other similar agreement, plan

or program to which Debtor may be a party (including, without limitation, liabilities or

obligations arising from or related to the rejection or other termination of any such plan, program

agreement or benefit), and (b) Buyer shall in no way be deemed a party to or assignee of any

such employee benefit, agreement, plan or program, and all parties to any such employee benefit,

agreement, plan or program are enjoined from asserting against Buyer any claims arising from or

relating to such employee benefit, agreement, plan or program.

21.     Buyer shall not be deemed a successor of or to the Debtor or its estate, with

respect to any Encumbrances against the Debtor, or the Assets, and Buyer shall not be liable in

any way for any such Encumbrances, including, without limitation, any that may be Excluded

Liabilities or Excluded Assets.  Upon Closing of the Asset Sale, all creditors, employees and

equity holders of the Debtor are permanently and forever barred, restrained and enjoined from

(a) asserting any claims or enforcing remedies, or commencing or continuing in any manner any

action or other proceeding of any kind, against Buyer or the Assets on account of any of the

Encumbrances, Excluded Liabilities or Excluded Assets, or (b) asserting any claims or enforcing

remedies under any theory of successor liability, de facto merger, substantial continuity or similar theory.

22.    On the Closing Date and pursuant to the terms of the Sale Agreement, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of all of the Assets or a bill of sale transferring good and marketable title in such Assets to Buyer.

23.    This Sale Order is and shall be (a) effective as a determination that, upon Closing, all Encumbrances existing as to the Assets have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and (b) binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets conveyed to Buyer.  All such entities described above in this paragraph are authorized and specifically directed to strike all recorded Encumbrances against the Assets from their records, official and otherwise.

24.    If any person or entity that has filed statements or other documents or agreements evidencing Encumbrances on or in the Assets shall not have delivered to the Debtor prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of such Encumbrances, and any other documents

necessary for the purpose of documenting the release of all such Encumbrances which the person

or entity has or may assert with respect to the Assets, the Debtor and Buyer are hereby

authorized and directed to execute and file such statements, instruments, releases and other

documents on behalf of such person or entity with respect to the Assets.

25.     Each and every federal, state and governmental agency or department, and any

other person or entity, is hereby authorized to accept any and all documents and instruments

necessary and appropriate to consummate the transactions contemplated by the Sale Agreement.

26.     Any and all Assets in the possession or control of any person or entity, including,

without limitation, any vendor, supplier, professional, contractor or employee of the Debtor shall

be transferred to Buyer free and clear of all Encumbrances.  All such vendors, suppliers,

professional, contractors or employees are hereby directed to turn over to Buyer any such Assets

in their possession or control as of the Closing Date.

**Further Assurances**

27.     The Debtor is hereby authorized to take all such actions and execute and deliver

to Buyer such other and further agreements and documents as shall be reasonably necessary to

consummate and give effect to the Sale Agreement and the transactions contemplated thereby

without further order of the Court.

**Additional Provisions**

28.     This Sale Order and the Sale Agreement shall be binding in all respects upon all

administrative expense claimants, creditors and equity security holders of the Debtor, all

counterparties to the Assumed Contracts, all successors and assigns of the Debtor and its

affiliates and subsidiaries, and any trustees, examiners, "responsible persons" or other fiduciaries

appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the

Bankruptcy Code, and none of the Sale Agreement, the Asset Sale nor any transactions

contemplated thereby shall be subject to rejection or avoidance under any circumstances.

29.     The Sale Agreement and the other Transaction Documents may be modified,

amended, or supplemented by the parties thereto, in a writing signed by the Debtor and Buyer,

and in accordance with the terms thereof, without further order of the Court, provided that (i) in

the reasonable view of the Debtor, after notice to the U.S. Trustee, any such modification,

amendment or supplement has no material adverse effect on the Debtor's estate or its creditors,

and (ii) with respect to material modifications, amendments or supplements, notice is provided to

those persons who have requested notice pursuant to Bankruptcy Rule 2002 and filed of record

with the Court.

30.     Nothing contained in any order entered in the Debtor's chapter 11 case

subsequent to entry of this Sale Order, nor in any chapter 11 plan confirmed in the Debtor's

chapter 11 case, shall conflict with or derogate from the provisions of the Sale Agreement or the

terms of this Sale Order.

31.     The provisions of this Sale Order are nonseverable and mutually dependent.

32.     The failure specifically to include or make reference to any particular provision of

the Sale Agreement or the other Transaction Documents in this Sale Order shall not diminish or

impair the effectiveness of such provision, it being the intent of the Court that the Sale

Agreement and the other Transaction Documents are authorized and  approved in their entirety.

33.    To the extent applicable, the automatic stay pursuant to section 362 of the Bankruptcy Code is hereby lifted with respect to the Debtor to the extent necessary, without further order of the Court (a) to allow Buyer to give the Debtor any notice provided for or contemplated in the Sale Agreement, and (b) to allow Buyer to take any and all actions contemplated or permitted by the Sale Agreement.

34.    To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit relating to the operation of the Assets sold, transferred or conveyed to Buyer on account of the filing or pendency of the Debtor's chapter 11 case or the consummation of the Asset Sale.

35.    In the event of any inconsistency between this Sale Order, on the one hand, and the Sale Agreement or other Transaction Documents, on the other hand, the terms of this Sale Order shall control.

36.    The Court retains jurisdiction to:  (a) interpret, implement and enforce the terms and provisions of this Sale Order (including any injunctive relief provided in this Sale Order) and the terms of the Sale Agreement, all amendments, modification or supplements thereto, and any waivers and consents thereunder; (b) protect Buyer, or any of the Assets, from and against any of the Encumbrances or purported enforcement thereof; (c) compel delivery of all Assets to Buyer; and (d) resolve any disputes arising under or related to the Sale Agreement, the Asset Sale or the transactions contemplated thereunder or thereby, or Buyer's peaceful possession, use and enjoyment of the Assets.

37.    Notwithstanding the foregoing, except as specifically provided in the Sale Agreement, the other Transaction Documents or this Sale Order, nothing therein shall in any way

affect the rights of the Debtor's estate to object to or otherwise contest or challenge the validity

or enforceability of any claims asserted against the Debtor's estate by any person, or the

perfection of any security interest relating to any such claim.



Dated: April 1, 2015
     Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**Chief U.S. Bankruptcy Judge**