Alan D. Halperin, Esq.  
Donna H. Lieberman, Esq.  
**HALPERIN BATTAGLIA BENZIJA, LLP**  
40 Wall Street – 37th Floor  
New York, New York 10005  
Phone: (212) 765-9100; Fax: (212) 765-0964  
ahalperin@halperinlaw.net  
dlieberman@halperinlaw.net  

Presentment Date: 4/20/15 @ 12 noon  
Objection Deadline: 4/20/15 @ 11:30 a.m.

*Counsel to the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------x  
In re:

**NSB ADVISORS LLC**,

         Debtor.  
-------------------------------------------------------------x

Chapter 11 Case  
Case No. 15-35009(CGM)

**MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A PLAN AND SOLICIT ACCEPTANCES THERETO**

TO THE HONORABLE CECELIA G. MORRIS  
CHIEF UNITED STATES BANKRUPTCY JUDGE:

   NSB Advisors LLC, the debtor and debtor-in-possession herein ("NSB" or the "Debtor"), by its undersigned counsel, Halperin Battaglia Benzija, LLP, seeks entry of an Order, pursuant to section 1121(d) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") extending the exclusive periods within which the Debtor may file a plan and solicit acceptances thereto for an additional ninety (90) days. In support of its motion for such extensions (the "Motion"), the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

   1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334 and the "Amended Standing Order of Referral of Cases to Bankruptcy Judges" for the Southern

District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicate for the relief requested herein is § 1121(d) of the Bankruptcy Code. Venue of this case and the Motion is proper pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2. On January 5, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and has continued in the management and operation of its business and property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. No creditors' committee or trustee has been appointed in this case.

4. The Debtor is a registered investment adviser with offices at 200 Westage Business Center Drive, Suite 228, Fishkill, New York 12524. The business commenced operations in or about 2009. NSB's business model is intended to serve the needs of corporate and high net worth individual investors by advising clients about buying, selling and otherwise investing in securities and instruments. NSB does not hold stocks or other securities on behalf of its clients, but directs and manages client accounts, including placing transaction orders with brokers, dealers and issuers. As of the Petition Date, Pershing Advisor Solutions LLC serves as custodian for the assets and investments managed by the Debtor.

5. On the Petition Date, the Debtor filed a *Motion for Orders (I) Scheduling Hearing to Consider (A) Sale of Substantially All of the Debtor's Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers and (B) Assumption and Assignment of Leases and Executory Contracts; (II) Scheduling Hearing to Consider Approval of Stalking Horse Agreement and Expense Reimbursement, and Bidding Procedures for the*

*Conduct of an Auction; (III) Fixing a Cure Claims Bar Date With Respect to the Assumption and Assignment of Leases and Executory Contracts; (IV) Fixing Manner and Notice of Sale Hearing; (V) Authorizing the Debtor to Sell Assets, Free and Clear of All Liens, Claims and Encumbrances, Subject to Higher and Better Offers; (VI) Authorizing Assumption and Assignment of Leases and Executory Contracts; and (VII) Granting Related Relief* (the "Sale Motion," D.N. 10). An Order approving the sale to Emancipation NSB, LLC (the "Buyer") pursuant to the terms of the amended sale agreement filed with the Court on March 20, 2015 (the "Sale Agreement") was entered by the Court on April 1, 2015 (the "Sale Order," D.N. 75).

6. Upon the entry of the Sale Order, the Debtor began the process of contacting its clients to ask them to consent to the transfer of their business and contracts to the Buyer effective upon the closing of the sale. Consistent with the Sale Agreement, the Debtor and the Buyer anticipate that the sale will close once the process of contacting and conferring with clients is largely completed.

## RELIEF REQUESTED

7. By this Motion, the Debtor seeks the entry of an Order pursuant to § 1121(d) of the Bankruptcy Code granting an initial extension of the exclusive periods within which the Debtor may file a plan and solicit acceptances for an additional ninety (90) days, through and including **August 3, 2015** and **October 5, 2015**, respectively.

## DISCUSSION

8. Section 1121 of the Bankruptcy Code provides, in pertinent part, as follows:

> (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

>   (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if -
>
>   (1) a trustee has been appointed under this chapter;
>   (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or
>   (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.
>
>   (d) (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
>   (2) (A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter. (B) The 180-day period specified in paragraph 1 may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121 (b) - (d).

9. A court's decision to extend a debtor's exclusive periods is based upon the facts and circumstances of each particular case. *See, e.g., First American Bank of New York v. Southwest Gloves and Safety Equip., Inc. (In re Southwest Gloves and Safety Equip., Inc.)*, 64 B.R. 963, 965 (D. Del. 1986); *In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

10. Courts have identified certain factors as relevant in determining whether cause exists to extend the exclusive periods. These factors include:

>   (a) The size and complexity of the Chapter 11 case. *See, e.g., In re McLean Indus., Inc.,* 87 B.R. 830, 834 (Bankr. S.D.N.Y); *In re Texaco Inc.,* 76 B.R. 322.

{00237228.2 / 1056-002 }    4

    (b)    The degree of progress that has been achieved by the debtor in the Chapter 11 process and whether a viable plan can be reasonably expected to be filed by the debtor in the foreseeable future. *Jasik v. Conrad (In re Jasik)*, 727 F.2d 1379, 1382 (5th Cir. 1984).

    (c)    Whether the debtor has shown progress in attempting in good faith to formulate a viable plan. *See In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 524 (Bankr. D.N.H. 1988).

11. In applying these factors, it has been noted that "the hallmark of . . . section [1121(d)] is flexibility." *In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987). Congress intended that a debtor's exclusive periods be of adequate length for the debtor to formulate, negotiate, and draft a consensual plan and solicit acceptances thereof. As explained in the legislative history, section 1121(d) "allows the flexibility in individual cases" to extend the exclusivity periods "to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see In re Public Serv. Co. of New Hampshire*, 88 B.R. at 534 ("the legislative intent... [is] to promote maximum flexibility"); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405,409 (Bankr. E.D.N.Y. 1989); *In re McLean Indus. Inc.*, 87 B.R. at 833.

12. Where the initial exclusive periods prove to be inadequate, section 1121(d) of the Bankruptcy Code permits the Court to extend a debtor's exclusive periods so long as such extension does not extend beyond eighteen months for filing a plan or twenty months for soliciting acceptances to a plan. 11 U.S.C. § 1121(d). This Motion is the Debtor's first request for extensions of its exclusive periods, and the Debtor is well within the extensions permitted by statute.

13. The Debtor's efforts in the first four months of the case have focused on transitioning into Chapter 11, establishing procedures for the sale of substantially all of the Debtor's assets, identification of the Buyer and entry of the Sale Order. During this initial period, the Debtor has also undertaken discussions with its largest creditor about the liquidation

of that creditor's claims, how to realize value from the assets that the Debtor is not selling (certain claims and causes of action) and the best method of concluding this bankruptcy case. The Debtor has been pro-active in advancing the Chapter 11 case and, upon consummation of the sale or earlier, expects to be in a position to determine whether a bankruptcy plan or the conversion of this case to one under Chapter 7 is in the best interests of the estate and its creditors. It is for this reason that the Debtor is only seeking a ninety (90) day extension of the exclusive periods.

14. The Debtor asserts that the proposed extensions of its exclusive periods are in the best interests of the Debtor's creditors and its estate. Further, the Debtor believes that ample cause exists for the Court to grant the requested extensions of the time. *See In re McLean Indus., Inc.,* 87 B.R. at 834; *see also In re Jasik,* 727 F.2d at 1382 (extension of exclusivity period to be granted based upon degree of progress that has been achieved by the debtor in the Chapter 11 process); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521 at 524 (extension of exclusivity period to be granted based upon whether debtor has shown progress in attempting in good faith to formulate a viable plan). The Debtor seeks a limited extension, and expects that its case will move towards a conclusion prior to the expiration of the extended periods.

## NOTICE

15. Notice of this Motion has been given to: (a) any party having filed a Notice of Appearance in this case as of the date hereof; and (b) the Office of the United States Trustee. The Debtor respectfully submits that no further or other notice need be provided under the circumstances of this case.

## NO PRIOR REQUEST

16. No prior application for the relief requested herein has been made to this or

any other court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached as **Exhibit A** hereto, granting the Application and granting the Debtor such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 3, 2015

                              **HALPERIN BATTAGLIA BENZIJA, LLP**
                              Counsel to the Debtor and Debtor-in-Possession


                        By: */s/ Alan D. Halperin*
                              Alan D. Halperin, Esq.
                              Donna H. Lieberman, Esq.
                              40 Wall Street – 37th Floor
                              New York, NY 10005
                              (212) 765-9100
                              ahalperin@halperinlaw.net
                              dlieberman@halperinlaw.net